UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIA SONG,<br><br>                              Plaintiff,<br><br>         -against-<br><br>PRESIDENT AND TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK; CLAIRE SHIPMAN,<br><br>                              Defendants. | 25-CV-2772 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

    Plaintiff Eugenia Song, who resides in Texas, brings this action, *pro se*, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. She names as defendants Claire Shipman, Acting President of Columbia University, and the Trustees of Columbia. By order dated June 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff brings this action suing "for libel to my educational institution because of a research associate of whom Peter T Coleman is responsible." (ECF 1-1 ¶ 1.) Plaintiff contends that "[i]n May 2023, an associate of Mr. Coleman contacted via his e-mail which is on Interpol the Dallas Interpol who contacted the administration of my Baptist seminary." (*Id*. ¶ 5.) The associate "accused me without any knowledge of the matter or to whether it indeed even existed of having an investigative issue

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless noted otherwise.

with my business school which is the Yale School of Management." (*Id.* ¶¶ 6-7.) Plaintiff seeks an order directing "Mr. Coleman to stay away from me and anyone around me." (*Id.* at 1.)

## DISCUSSION

Even when the Court construes Plaintiff's complaint with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. Although the Court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely," *Denton*, 504 U.S. at 33, a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them," *id.* at 32-33; *see Livingston*, 141 F.3d at 437.

Plaintiff's allegations that the Acting President and Trustees of Columbia University violated any of Plaintiff's rights lack any basis in fact or law. The complaint provides no specific facts whatsoever describing how Defendants caused any harm to Plaintiff. Although Plaintiff appears to believe that Defendants harmed her in some fashion, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022); *see Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims, they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Moreover, the Court also finds that because Plaintiff has pleaded no factual predicate in support of her assertions, her allegations amount to conclusory claims and suspicions, and consequently, must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020)

(summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The warning issued in *Song v. Trustees of Columbia Univ. of New York*, No. 24-CV-4014 (LTS) (S.D.N.Y. July 23, 2024), remains in effect. Should Plaintiff file future actions in this court that are frivolous or do not state a claim against the named defendants, the court may enter an order barring her from filing new actions *in forma pauperis*, unless she receives permission from the court to file the new civil action. *See* 28 U.S.C. § 1651.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 14, 2025
       New York, New York

                                                      *Louis L. Stanton*
                                                      Louis L. Stanton
                                                          U.S.D.J.